### UNITED STATES, Appellee,

v.

### Private First Class Rendore R. RIVERS, SSN 274–58–5361, United States Army, Appellant.

### SPCM 13725.

U. S. Army Court of Military Review.

24 Aug. 1979.

### OPINION OF THE COURT

GARN, Judge:

Private First Class Rivers was convicted by the members of a special court-martial of being an accessory after the fact to the offense of robbery by aiding the robber "in his escape from the scene of the offense and by concealing evidence of the offense, to wit: a Tashiba radio and a .25 caliber automatic pistol."

The evidence presented by the Government during the accused's trial tended to

---

show that two hitchhikers who were riding in the rear seat of the accused's car were robbed at gun point by the passenger sitting in the front of the car. In addition to their wallets being taken from them, a Tashiba radio was taken from one of the victims. Substantial, if not overwhelming, evidence was presented indicating the Tashiba radio was subsequently in the accused's possession.

Evidence presented by the defense included evidence of the accused's good character and evidence tending to corroborate the accused's alibi testimony. The crux of the defense evidence consisted of the accused's testimony denying being the driver of the car in which the two victims were robbed. To explain his possession of the radio, the accused testified that he had received the radio from a man, known to him as "Baby Huey", in payment of a gambling debt. During his cross-examination of the accused, the trial counsel succeeded in eliciting from the accused an admission that he had previously told "the CID that the radio was given to [him] by a guy named Hunt." The trial counsel made good use of that admission during further cross-examination and during his argument. The credibility of the accused, clearly crucial to the defense, was severely impaired, if not destroyed. Unfortunately, however, the trial counsel failed to make any attempt to show the circumstances surrounding the accused's statement to "the CID." Although no objection was expressed, the defense did not consent to the omission of a showing of voluntariness.

No statement made by the accused prior to trial may be used against him, even for the purposes of impeachment, during his trial on the merits, unless the Government affirmatively shows either that the statement was voluntary, or that no showing as to voluntariness need be made, or the defense consents to omission of such a showing. Paragraphs 140a(2) and 153b(2)(c), Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Jordan*, 20 U.S.C.M.A. 614, 44 C.M.R. 44 (1971); *United States v. Lincoln*, 17 U.S.C.M.A. 330, 38 C.M.R. 128 (1967); *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967); *United States v. Blackwell*, 39 C.M.R. 394 (A.B.R.1968); *United States v. Helmandollar*, 38 C.M.R. 678 (A.B.R.1968); *United States v. Washington*, 38 C.M.R. 671 (A.B.R.1968); *United States v. Pierce*, 2 M.J. 654 (A.F.C.M.R.1976).

It is generally conceded that practitioners of military criminal law are aware that whenever a pretrial statement of the accused is offered into evidence during a trial by court-martial, an issue, at the very least, is raised. We are concerned that neither the military judge, trial counsel, trial defense counsel, the staff judge advocate who prepared the review, nor appellate counsel, who prepared lengthy briefs concerning other alleged errors, even indicated such awareness. We trust this opinion will serve as a reminder.

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge MITCHELL concurs.

Judge DRIBBEN did not participate.